```
E. MARTIN ESTRADA
United States Attorney
BENJAMIN J. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
CHARLES E. PELL (Cal. State Bar No. 210309)
Assistant United States Attorney
Santa Ana Branch Office
     United States Courthouse
     411 West Fourth Street, Suite 8000
     Santa Ana, California  92701
     Telephone:  (714) 338-3542
     Facsimile:  (714) 338-3561
     E-mail:     charles.e.pell2@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:22-cr-00028-CJC-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT LANA POTHOS |
| v. | |
| LANA POTHOS, | |
| Defendant. | |

1.   This constitutes the plea agreement between LANA POTHOS ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count four of the



indictment in <u>United States v. Lana Pothos</u>, No. 8:22-cr-00028-CJC-1, which charges defendant with Bank Fraud in violation of 18 U.S.C. § 1344(2).

    b. Not contest facts agreed to in this agreement.

    c. Abide by all agreements regarding sentencing contained in this agreement.

    d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g. Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

    h. At or before the time of sentencing, make a prejudgment payment by delivering a certified check or money order to the Fiscal Clerk of the Court in the amount of $10,000 to be applied to satisfy defendant's anticipated criminal debt. Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.

    i. Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately. The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to



1  satisfy defendant's payment of the full financial obligation,
2  including referral to the Treasury Offset Program.
3      j.  Complete the Financial Disclosure Statement on a form
4  provided by the USAO and, within 30 days of defendant's entry of a
5  guilty plea, deliver the signed and dated statement, along with all
6  of the documents requested therein, to the USAO by either email at
7  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
8  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
9  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
10 criminal debt shall be assessed based on the completed Financial
11 Disclosure Statement and all required supporting documents, as well
12 as other relevant information relating to ability to pay.
13     k.  Authorize the USAO to obtain a credit report upon
14 returning a signed copy of this plea agreement.
15     l.  Consent to the USAO inspecting and copying all of
16 defendant's financial documents and financial information held by the
17 United States Probation and Pretrial Services Office.

## THE USAO'S OBLIGATIONS

19  3.  The USAO agrees to:
20      a.  Not contest facts agreed to in this agreement.
21      b.  Abide by all agreements regarding sentencing contained
22  in this agreement.
23      c.  At the time of sentencing, move to dismiss the
24  remaining counts of the indictment as against defendant.  Defendant
25  agrees, however, that at the time of sentencing the Court may
26  consider any dismissed charges in determining the applicable
27  Sentencing Guidelines range, the propriety and extent of any
28  departure from that range, and the sentence to be imposed.

d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 26 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count four of the indictment, that is, Bank Fraud, in violation of Title 18, United States Code, Section 1344(2), the following must be true: (1) Defendant knowingly carried out a scheme or plan to obtain money or property from a financial institution by making false statements or promises; (2) Defendant knew that the statements or promises were false; (3) The statements or promises were material; that is, they had a natural tendency to influence, or were capable of influencing, a financial institution to part with money or property; (4) Defendant acted with the intent to

1  defraud; and (5) The financial institution was federally insured.

## PENALTIES AND RESTITUTION

5.   Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 1344(2), as charged in count one of the indictment, is 30 years' imprisonment; a three-year period of supervised release; a fine of $1,000,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $843,325, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7.   Defendant understands that supervised release is a period

5

of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that she is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the conviction in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that

defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including her attorney or the Court, can predict to an absolute certainty the effect of her conviction on her immigration status. Defendant nevertheless affirms that she wants to plead guilty regardless of any immigration consequences that her plea may entail, even if the consequence is automatic removal from the United States.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this plea agreement, defendant worked for Bank of America (BofA) as a relationship manager at BofA's branch in Yorba Linda, California. During summer 2020, working together with her co-defendant Theron Fox, defendant stole the savings of approximately $1,200,000 from senior citizen victims S.S. and J.S. by taking over their BofA bank account and transferring that money out of the account without the victims' knowledge. During this fraudulent scheme, BofA was federally insured.



On June 15, 2020, while at her residence in Anaheim, California, defendant used S.S.'s identity information to create an online banking profile for S.S. at BofA without S.S.'s permission. The following day, June 16, 2020, defendant changed the mailing address for S.S. and J.S., wife and husband, in BofA's internal system from their residence in Yorba Linda to a different business address in Yorba Linda, which was a salon where defendant at times had her hair done, and where defendant knew the owner. That same day, defendant also changed the phone number for S.S. and J.S. in BofA's internal system to 657-xxx-7844, which was a throw phone purchased by co-defendant Fox and controlled by defendant and co-defendant Fox.

On July 10, 2020, a new bank account in S.S's name at BofA ending in 6907 was opened using the IP address subscribed to co-defendant Fox's residence in Tustin, California, which was done without S.S.'s knowledge or permission. In addition, co-defendant Fox created a fraudulent email address, [S.S.]@aol.com, using S.S.'s information without S.S.'s knowledge or permission. After co-defendant Fox had fraudulently created that email address, defendant then used that email address for the contact information for the fraudulent bank account in S.S.'s name at BoA ending in 6907.

Further, to effectuate their fraudulent scheme, defendant also called BofA several times while impersonating S.S. and using throw phone number 657-xxx-7844.

Starting on July 31, 2020, co-defendant Fox began to transfer funds out of S.S. and J.S.'s BofA bank account ending in 6516, which was done as part of defendant and co-defendant Fox's fraudulent scheme and for the benefit of defendant and co-defendant Fox, with each aiding and abetting the other. Those fraudulent transfers

totaled approximately $1,212,144, including the following:

- <u>07/31/20</u>: $50,000 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907;
- <u>08/05/20</u>: $165,000 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907;
- <u>08/13/20</u>: $208,000 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907;
- <u>08/24/20</u>: $175,500 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907;
- <u>09/09/20</u>: $235,144.87 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907;
- <u>09/23/20</u>: $180,000 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907; and
- <u>10/13/20</u>: $198,000 from S.S./J.S. BofA account ending in 6516 to fraudulently opened S.S. BofA account ending in 6907.

Shortly after those fraudulent transfers, while at co-defendant Fox's residence, defendant and co-defendant Fox then transferred $1,112,070 of the $1,212,144 stolen funds from the fraudulently opened S.S. BofA account ending in 6907 to a Comerica Bank account ending in 3088. Co-defendant Fox controlled that Comerica account, which was held in the name of a nominee entity controlled by co-



defendant Fox.  On September 30, 2020, approximately $47,000 of those funds were transferred to an entity that defendant controlled.  In addition, more than $220,000 in cash was withdrawn, and more than $200,000 was used to pay restitution that co-defendant Fox had owed from a two separate prior criminal convictions.

This fraudulent scheme was sophisticated, involving taking over a bank account, fraudulently creating a bank account using victim S.S.'s identity, impersonating victim S.S., and transferring more than a million dollars through multiple different bank accounts. Further, defendant abused her position at BofA to effectuate the fraud, including using the identity information of victim S.S., which defendant had only by virtue of her position as a BofA bank employee.

The parties agree that for purposes of this plea agreement, the applicable loss amount is approximately $1,212,144.

## SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable

1  Sentencing Guidelines factors:
2      Base Offense Level:            7       U.S.S.G. § 2B1.1(a)(1)
3      $550k < loss < $1.5mm:        +14      U.S.S.G. § 2B1.1(b)(1)(H)
4      Sophisticated means:          +2       U.S.S.G. § 2B1.1(b)(10)(C)
5      Use ID to produce another:    +2       U.S.S.G. § 2B1.1(b)(11)(C)
6      Abuse of position of trust:   +2                U.S.S.G. § 3B1.3
7  Defendant and the USAO reserve the right to argue that additional
8  specific offense characteristics, adjustments, and departures under
9  the Sentencing Guidelines are appropriate.

10      13.  Defendant understands that there is no agreement as to
11  defendant's criminal history or criminal history category.

12      14.  Defendant and the USAO reserve the right to argue for a
13  sentence outside the sentencing range established by the Sentencing
14  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
15  (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

    15.  Defendant understands that by pleading guilty, defendant
gives up the following rights:

    a.  The right to persist in a plea of not guilty.
    b.  The right to a speedy and public trial by jury.
    c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.
    d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.


      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

## WAIVER OF APPEAL AND COLLATERAL ATTACK

17. Defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court, including, to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (c) the fine imposed by the Court,



provided it is within the statutory maximum; (d) the amount and terms of any restitution order, provided it requires payment of no more than $1,300,000; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

19. This agreement does not affect in any way the right of the USAO to appeal the sentence imposed by the Court.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its



obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not



be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

   a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

   b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

   c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

24. Defendant understands that the Court and the United States

Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding



the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_/s/ Charles E. Pell_                                12.16.2022
CHARLES E. PELL                                      Date
Assistant United States Attorney
Santa Ana Branch Office

_/s/ Lana Pothos_                                    12/12/2022
LANA POTHOS                                          Date
Defendant

_/s/ David Kenner_                                   12/12/2022
DAVID KENNER, Esquire                                Date
Attorney for Defendant LANA POTHOS

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and

thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____   Date 12/12/2022
LANA POTHOS
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am LANA POTHOS's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this

agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____   12/12/2022
DAVID KENNER, Esquire                Date
Attorney for Defendant LANA POTHOS